UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE SIMMS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | Case No. 2:21-cv-0035-DJC-JDP (P)<br><br><br><br>ORDER |

Petitioner, a state prisoner, brought this action under section 2254. ECF No. 1. On October 10, 2023, I recommended that his petition be denied on the merits. ECF No. 36. The district judge adopted those recommendations over petitioner's objections, ECF No. 37, on December 1, 2023, and judgment was entered the same day. ECF Nos. 38 & 39. Petitioner did not file a timely appeal. Then, nearly a year later, on September 3, 2024, petitioner moved for permission to file a late appeal. ECF No. 40. In a one-paragraph filing, he contends that he mailed the forms necessary to submit an appeal in November 2023, but did not receive an acknowledgement. *Id.* at 1. His motion for a late appeal is denied.

Under 28 U.S.C. § 2107(a), a litigant must file their notice of appeal within thirty days of the entry of judgment. If a litigant fails to meet that deadline, 28 U.S.C. § 2107(c) sets forth the

1

following procedure:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds—
>
> > (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
> >
> > (2) that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Here, the lateness of petitioner's motion for extension cannot be excused. Nearly a year passed between entry of judgment and the immediate motion. Moreover, his excuse, that he mailed appeal documents in November 2023, before judgment was even entered, strains credulity. In any event, petitioner cannot show good cause or excuse for waiting a lengthy period between the erroneous submission of documents and this motion. The thirty-day deadline exists "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands." *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016) (quoting *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978)) (internal quotation marks omitted).

Accordingly, it is ORDERED that petitioner's motion to file late appeal, ECF No. 40, is DENIED.

IT IS SO ORDERED.

Dated:   February 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2